**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                                        **Case No.: 2:06-CR-051
JUDGE SMITH**

**CURTIS SIMMONS,**

      **Defendant.**                        *Expedited Action Docket*

**ORDER ON SECOND MOTION FOR REDUCTION OF SENTENCE**

This matter is before the Court on the Defendant's Second Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case", filed November 4, 2011 (Doc. 39). Defendant was originally sentenced on March 7, 2007 to 116 months on Counts 3 and 4 to run concurrently with each other, based on an offense level 25 and criminal history category VI. Defendant's advisory sentencing guideline range was 110 to 137 months.

Defendant's base offense level was reduced to a 23 after the November 1, 2007 crack amendment was retroactively applied to his case. When combined with Defendant's criminal history category VI, the new advisory sentencing guideline range was 92 to 115 months. Defendant's sentence was reduced to 97 months. (*See* Doc. 38).

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

Counsel for the Defendant, for the Government, and representatives of the United States Probation Officer met to consider the merits of Defendant's case. All agreed to recommend that Defendant Simmons has met the Commission's eligibility requirements for the retroactive application of Guideline Amendment 748 to his case. After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, the base offense level is reduced from a 23 to a 21, combined with his criminal history category, the new advisory sentencing guideline range is 77 to 96 months. The parties jointly recommend that the Court reduce Defendant's sentence to 82 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 97 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 82 months on Counts 3 and 4 to run concurrently with each other. This reduction in sentence is within the amended guideline range.

Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 39 from the Court's pending motion's list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date: November 9, 2011*
*Effective Date: November 18, 2011*